FILED'05 FEB 24 07:51USDC-ORP

David Paul, OSB 86200, dp@pspc.com
PAUL & SUGERMAN, PC
520 S.W. Sixth Avenue, Ste. 920
Portland, OR 97204
Telephone: (503) 224-6602
Facsimile: (503) 224-2764

Attorneys for Plaintiff Oregon Center for Environmental Health

David A. Bledsoe, OSB No. 85154; dbledsoe@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: (503) 727-2000
Facsimile: (503) 727-2222

Mark W. Schneider, WSB No. 14105; mwschneider@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000

Attorneys for Defendant Kinder Morgan Bulk Terminals, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| OREGON CENTER FOR ENVIRONMENTAL HEALTH, an Oregon non-profit corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KINDER MORGAN BULK TERMINALS, INC., a Louisiana corporation,<br><br>　　　　　Defendant. | NO. 04-CV-527-ST<br><br>CONSENT DECREE |

1- CONSENT DECREE

[/SL043160.183.doc]

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: (503) 727-2000
Fax: (503) 727-2222

## I. RECITALS

Whereas, by letter dated February 10, 2004, plaintiff, Oregon Center for Environmental Health ("OCEH"), served a 60-day Notice Of Intent to file suit ("Notice Letter") on defendant, Kinder Morgan Bulk Terminals, Inc. ("Kinder Morgan") pursuant to the Clean Water Act, 33 U.S.C. § 1365(a) ("CWA"), alleging that Kinder Morgan committed violations of the CWA, Kinder Morgan's National Pollutant Discharge Elimination System ("NPDES") Permit No. 102446 and Kinder Morgan's Air Contaminant Discharge ("ACD") Permit No. 26-2909 ;

Whereas, on April 15, 2004, OCEH filed a Complaint against Kinder Morgan, making the same allegations pursuant to the CWA and seeking injunctive relief and civil penalties;

Whereas, Kinder Morgan operates a bulk terminal facility at a property known as Terminal 4, located on the Willamette River in Portland, Oregon;

Whereas, among other issues, OCEH has alleged that Kinder Morgan did not submit monthly signed and sworn statements of visual monitoring to the Oregon Department of Environmental Quality ("DEQ"), and that Kinder Morgan did not comply with certain best management practices ("BMPs") specified in its NPDES permit;

Whereas, Kinder Morgan, by entering into this Consent Decree, does not admit any liability arising out of the claims or allegations in the Complaint;

Whereas, the parties to this Consent Decree desire to resolve this matter without further litigation, and agree to do so through the entry of the following Consent Decree; and

Whereas, this Court finds that the parties have negotiated this Consent Decree in good faith, and that the settlement embodied by this Consent Decree is fair, reasonable, and in the public interest:

THEREFORE with the consent of the parties it is ORDERED, ADJUDGED, and DECREED:

2- CONSENT DECREE

[/SL043160.183.doc]

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: (503) 727-2000
Fax: (503) 727-2222

## II. JURISDICTION AND VENUE

This Court has jurisdiction over the parties pursuant to the CWA and venue is proper in this Court. The parties agree to the entry of this Consent Decree by this Court.

## III. PARTIES BOUND

This Consent Decree applies to and is binding upon the parties to this action, their officers, agents, employees, successors and assigns. Any change in ownership of either party or the corporate status of either party shall in no way alter either party's responsibilities under this Consent Decree.

## IV. TERMS OF SETTLEMENT

A.   Kinder Morgan will fund and implement a dust reduction project at Terminal 4. The proposed project will improve dust collection within the telescoping portion of the ship loader spout to improve fugitive dust collection at the first drop of product into an empty ship's hold. The implementation of these measures at this time is estimated to cost up to approximately $75,000.

B.   Kinder Morgan shall implement the dust reduction project as expeditiously as is reasonably possible. Kinder Morgan will hire an engineering firm to study whether its proposed dust reduction project is feasible from a mechanical, electrical and operational standpoint within sixty (60) days of entry of this Consent Decree by this Court. Kinder Morgan also shall take all reasonable steps to promptly obtain all necessary permits and approvals for such a project.

C.   Kinder Morgan will post its NPDES permit in a prominent location at the Terminal 4 facility.

D.   Kinder Morgan will take the following actions related to its NPDES permit at Terminal 4:

   1.   Kinder Morgan will enforce the provisions of its NPDES permit on the training of personnel.

3- CONSENT DECREE

[/SL043160.183.doc]

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: (503) 727-2000
Fax: (503) 727-2222

2. Kinder Morgan will check empty and loaded cars to reduce spillage. Where leaking cars are found, Kinder Morgan will take reasonable corrective actions.

3. Kinder Morgan will check railcars that leave the dumping pit to ensure that hopper doors are closed.

4. Kinder Morgan will maintain its baghouses and replace bags prior to clogging.

5. Kinder Morgan will conduct cleanups of significant spills on ships as soon as practicable.

6. Kinder Morgan will complete the project described in paragraph IV.A. above within nine months after entry of this Consent Decree. Within 30 days of the completion of the project, Kinder Morgan will invite representatives of OCEH for one visit to Terminal 4 to demonstrate compliance with all terms of the Consent Decree.

E. Kinder Morgan shall pay $45,000 in attorneys' fees and costs to counsel for OCEH within thirty (30) days after entry of this Consent Decree.

F. By signature on this Decree, OCEH releases and covenants not to sue or take further action against Kinder Morgan for any and all CWA claims prior to the date of the entry of this Decree or any alleged CWA, ACD Permit or Clean Air Act ("CAA") violations raised in the Notice Letter or the Complaint in this case, or any CWA, ACD Permit or CAA claims or alleged CWA, ACD Permit or CAA or other violations that could have been raised in this case (hereafter "Covered Matters").

G. OCEH shall support the implementation of Paragraphs A and B of this Decree, and shall not oppose the application and acquisition of any permits or approvals that may be necessary for implementing such work.

4- CONSENT DECREE

[36157-0006/SL043160.183]

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: (503) 727-2000
Fax: (503) 727-2222

## V. NOTICES

Notices given under or related to this Consent Decree shall be in writing, and shall be deemed given and effective when delivered in person to the entities described below, or one business day after being sent by facsimile with a confirmation of transmission and the deposit of a copy in the U.S. mails, certified mail, return receipt requested, postage pre-paid. Notice shall be provided to the following:

If to OCEH:

Jane Harris
Executive Director
Oregon Center for Environmental Health
516 SE Morrison, Suite 300
Portland, OR 97212

David Paul, Esq.
Paul & Sugerman, P.C.
Suite 920
520 SW Sixth Avenue
Portland, OR 97204

If to Kinder Morgan:

Nancy Van Burgel, Esq.
Kinder Morgan, Inc.
370 Van Gordon Street
Lakewood, CO 80228-1579

and:

Mark W. Schneider, Esq.
Perkins Coie LLP
1201 Third Avenue, 48th Floor
Seattle, WA 98101

## VI. ENTIRE AGREEMENT

This Consent Decree contains the final expression and the complete and exclusive statement of the terms of the settlement in this matter and supersedes all prior and

5- CONSENT DECREE

[/SL043160.183.doc]

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: (503) 727-2000
Fax: (503) 727-2222

contemporaneous oral and written representations, understandings and agreements between the parties with respect thereto. This Consent Decree may be executed in counterparts, and each original executed counterpart shall have the same force and effect as the original instrument.

## VII. MODIFICATION

There shall be no modification of this Consent Decree without written approval by both parties to this Consent Decree and the Court.

## VIII. EFFECT OF SETTLEMENT

This Consent Decree resolves all Covered Matters.

## IX. EFFECTIVE DATE

The Effective Date of this Consent Decree is the date upon which it is entered by the Court.

## X. CONTINUING JURISDICTION

Subject to Paragraph XI, the Court shall retain jurisdiction pursuant to the CWA over both the subject matter of this Consent Decree and the parties until termination of this Consent Decree, which shall occur without further action of the parties or the Court one year after the Effective Date, in order to enforce this Consent Decree and to interpret the rights and obligations of the parties to this Consent Decree. During the pendency of this Consent Decree, either party may apply to the Court for any relief necessary to construe and effectuate this Consent Decree.

## XI. SIGNATORIES

The undersigned representatives of OCEH and Kinder Morgan certify that they are fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such party to this document.

SO ORDERED this 23rd day of February, 2005.

6- CONSENT DECREE

[/SL043160.183.doc]

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: (503) 727-2000
Fax: (503) 727-2222

_____
United States District Judge
Magistrate

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of Oregon Center for Environmental Health v. Kinder Morgan Bulk Terminals, Inc. (NO. 04-CV-527-ST)

_____   Date 12/28/04
Oregon Center for Environmental Health

_____   Date 12/7/04
Kinder Morgan Bulk Terminals, Inc.

7- CONSENT DECREE

[/SL043160.183.doc]

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: (503) 727-2000
Fax: (503) 727-2222